Mr. Justice Cox
delivered the opinion of the court.
This was an action of ejectment. The material facts of •the case are, that in making out title in ejectment, the plaintiffs relied upon a will executed by William Magill, in November, 1842, in which he says : “ I devise to Ann Hardy •part of lot one in square nine hundred and seventy-five, together with all the improvements thereon, during her •■natural life, and at her decease I devise said property to my *344 three grandchildren, Angelica Fowler, James William White and Mary Frances White, them and their heirs forever.” The testator died in the year following the making of hie will, that is, in the year 1843, and the will was then admitted to probate. Ann Hardy, the life tenant, died in 1876. Just here it will be observed, that the title accrued originally to this plaintiff, Mary Frances White, now Dawson, by virtue of the will, as far back as 1843, before the-passage of the Mamed Woman’s Act of 1869, while it is true that she only got the property in possession in 1876, after the passage of the Married Woman’s Act. But as the title-was derived by her from this will in 1843, we think her rights in relation to the property are to be determined by the common law, and that the case does not come within the operation of the act of 1869. She and her co-tenants then instituted an action of ejectment, which is the case before us ; and at the trial it appeared that Mary Frances Dawson, one of the plaintiffs, had a husband, and also children of the marriage, living ; and the plaiutiffs having rested their case, the defendant, by his counsel, moved the court to instruct the jury that the plaintiffs had shown themselves out of' court, and not entitled to recover ■ in the present action because of the non-joinder of the husband of the co-plaintiff,, Mary Frances Dawson. The answer made to this by Mrs.. Dawson is, that she was a joint tenant ; that in case of her death the rights of the survivors would be paramount to any right as tenant by courtesy in her husband ; that he is ¿not entitled to courtesy in the property in which she is one of the parties interested, and has no interest in it, and therefore it is not necessary that he should join in the suit.
Now, all that may be very true, but there is really no question of tenancy by courtesy in the case The husband would not become such until the death of the wife. But independently of any question of title by courtesy, the husband has a freehold in the wife’s freehold property by the fact of' marrittge ; he has the exclusive right to the possession, and rents and profits of it, and that is equivalent to a freehold *345 during the coverture. It is an interest that his creditor can seize upon execution, as was determined by this court in the case of Bank vs. Hitz, 1 Mackey, 111, and as is held in all the common law books. So that the husband, as a party interest, has the exclusive right to the wife’s freehold during coverture, although it is held in joint tenancy. Consequently, the wife does show that the property which is claimed here is really for the purposes of personal possession and enjoyment, in her husband, who is not a party to the suit. It is claimed that this objection should have been made by way of plea in abatement, and cannot be taken advange of at the trial. If it was a mere question of personal capacity to sue, that would be so ; the wife’s coverture should be pleaded in abatement. But it is a question of title. At the trial of the case, when the claimants try to make out their title, they show one-third is in another party, and consequently they cannot recover. It is therefore appropriate to the general issue to show that the title claimed by one of the female plaintiffs is in her husband and not in herself. We think the court below was right in ruling that the plaintiffs had shown themselves out of court by this proof, and the judgment is therefore affirmed.